FANNIE SHIFFMAN and HARRY SHIFFMAN, complainants-respondents,

*v.*

NATHAN LEFF and JENNIE LEFF, defendants-appellants.

[Submitted October term, 1935. Decided January 31st, 1936.]

*Messrs. Lichtenstein, Schwartz & Friedenberg (Mr. Harry Schwartz, of counsel)*, for the appellants.

*Messrs. Levenson, Comen & Levenson (Mr. Abe. D. Levenson, of counsel)*, for the respondents.

*Mr. Edward R. McGlynn*, for Antlers Realty Company and Hamilton Realty Company.

The opinion of the court was delivered by

LLOYD, J.

The appeal is made from an order in chancery directing that the complainants on the one hand and the defendants Nathan Leff and Jennie Leff interplead respecting a fund in the hands of the Antlers Realty Company, and that a certain action begun by Jennie Leff be restrained from further prosecution.

A short statement of the facts will demonstrate that the order so made was without legal justification. From the meagre record before us it would appear that Fannie Shiffman obtained a decree in chancery against Nathan Leff, issued execution and levied on funds alleged to be in the hands of the Antlers Company. A court order for payment by the Antlers Company being disregarded and proceedings in contempt having been instituted against it, that company presented its petition for leave to pay into court the sum of $874.85, which it admitted to be due to Nathan Leff, and praying an order restraining the execution in chancery and the action at law. It was upon this petition that the order appealed from was entered.

The difficulty with the whole proceeding is that neither Nathan Leff nor his wife, Jennie Leff, claim any interest in the fund alleged to be due by the Antlers Company. On the contrary they claim that another and distinct corporation, the Hamilton Realty Company, was indebted to Nathan Leff for the above mentioned sum, it being due for carpenter work performed for that company. This claim was assigned to Jennie Leff and for it she has instituted her action against the Hamilton Company.

It will thus be seen that the one needed element to an interpleader is absent, viz., two or more persons making claim to a fund in the hands of a disinterested party. If a rule so elementary needs citation of authority, it is to be found in 4 Pom. Eq. Jur. § 1322. Here there is but one—the complainant Shiffman—and it is not in the power of the court to create a claimant where none exists.

As noted above the record of the chancery suit is only before us in attenuated form. From the petitions filed it

would appear that a decree was obtained and execution issued against Nathan Leff only. Except as brought in by petition ancillary to the main case, Jennie Leff is in nowise a party to it. She claims nothing against the Antlers Company and has a clear right to pursue the action which she has instituted at law, against the Hamilton Company to recover a debt which both she and her husband claim that it, and not the Antlers Company, owes for the labor performed.

The proceeding before us if valid would have not only the effect of depriving the Leffs of the right to litigate their claim against the Hamilton Company but of absolving that company from any liability by a ruling in a cause to.which it was not even made a party, and compelling the plaintiff to assert her claim against another corporation from whom she asserts that nothing is due.

The identity of stockholdings in the Antlers and Hamitlon Companies can have no bearing on the right of the parties. Each company exists independently as a distinct corporate body, and each must stand as such. Corporations they were and as corporations they acted. As independent corporations they must claim in asserting their rights and likewise respond in defending those rights.

The order is reversed.

*For affirmance*—DONGES, WOLFSKEIL, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, RAFFERTY, JJ. 10.